# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Franklin Spencer <br> _Debtor_ | CHAPTER 13 |
| THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23 <br> _Movant_ <br> vs. | NO. 19-13663 MDC |
| Franklin Spencer <br> _Debtor_ | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <br> _Trustee_ | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,927.08,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2020 to July 2020 at $1,302.01.month |
| | August 2020 to October 2020 at $1,302.13/month |
| Suspense Balance: | $187.35 |
| **Total Post-Petition Arrears** | **$8,927.08** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

    a) Debtors shall obtain a trial modification by November 30, 2020

    b) Debtors shall either obtain a permanent modification by March 1, 2021 or continue making regular monthly payments per the trial modification until the final modification is completed.

3. Additionally, beginning on November 1, 2020, Debtors shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadlines and Debtors are not in an active trial modification, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend their Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 6, 2020                           By: /s/ Rebecca A. Solarz, Esquire
                                                        Attorney for Movant

Date: _October 21, 2020_        /s/ David M. Offen, Esquire
                                                                David M. Offen, Esquire
                                                                Attorney for Debtor

Date: October 23, 2020        /s/ LeeAne O. Huggins     No Objection/
                                                                 William C. Miller, Esquire    Without Prejudice to Any
                                                                 Chapter 13 Trustee            Trustee Rights or
                                                                                                    Remedies

Approved by the Court this __27th__ day of _____October_____, 2020.  However, the court retains discretion regarding entry of any further order.

_Magdeline D. Coleman_
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge