United States Bankruptcy Court

Eastern District of Pennsylvania

In re:     Case No. 19-13663-mdc

Franklin Spencer     Chapter 13

     Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: Adminstra     Page 1 of 1

Date Rcvd: Oct 28, 2020     Form ID: pdf900     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 30, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Franklin Spencer, 1100 E Barringer Street, Philadelphia, PA 19119-3904 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 30, 2020     Signature:     /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 28, 2020 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DAVID M. OFFEN | on behalf of Debtor Franklin Spencer dmo160west@gmail.com davidoffenecf@gmail.com;offendr83598@notify.bestcase.com |
| REBECCA ANN SOLARZ | on behalf of Creditor THE BANK OF NEW YORK MELLON F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23 bkgroup@kmllawgroup.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| WILLIAM C. MILLER, Esq. | ecfemails@ph13trustee.com philaecf@gmail.com |

TOTAL: 4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Franklin Spencer <u>Debtor</u> | CHAPTER 13 |
| THE BANK OF NEW YORK MELLON, F/K/A The Bank of New York as trustee for registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-23 <u>Movant</u><br>vs. | NO. 19-13663 MDC |
| Franklin Spencer <u>Debtor</u> | 11 U.S.C. Section 362 |
| William C. Miller, Esquire <u>Trustee</u> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$8,927.08**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 2020 to July 2020 at $1,302.01.month |
| | August 2020 to October 2020 at $1,302.13/month |
| Suspense Balance: | $187.35 |
| **Total Post-Petition Arrears** | **$8,927.08** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

   a) Debtors shall obtain a trial modification by November 30, 2020

   b) Debtors shall either obtain a permanent modification by March 1, 2021 or continue making regular monthly payments per the trial modification until the final modification is completed.

3. Additionally, beginning on November 1, 2020, Debtors shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadlines and Debtors are not in an active trial modification, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend their Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order7 granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:    October 6, 2020             By: /s/ Rebecca A. Solarz, Esquire
                                          Attorney for Movant

Date: *October 21, 2020*  /s/ *David M. Offen, Esquire*
David M. Offen, Esquire
Attorney for Debtor

Date: October 23, 2020  /s/ LeeAne O. Huggins  No Objection/
William C. Miller, Esquire  Without Prejudice to Any
Chapter 13 Trustee  Trustee Rights or
Remedies

Approved by the Court this 27th day of October, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge